UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| HARLAN MCINTOSH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:22-cv-00333-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| INGRID CRABTREE, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Powell County Deputy Jailer Ingrid Crabtree and Powell County Jailer Travis Crabtree have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending *inter alia* that the claims against them in Plaintiff Harlan McIntosh's complaint are barred by the statute of limitations. [R. 4.] Southern Health Partners, Inc. ("SHP"), on behalf of the unidentified "20 Powell County Jail Medical Staff" named as defendants in the complaint, has moved to join in that motion to dismiss, contending that the limitations defense applies with equal force to the claims asserted against them. [R. 9.] McIntosh has responded to both motions, [R. 15], and the Crabtrees have filed their reply. [R. 16.] For the reasons stated below, the motions brought pursuant to Rule 12(b)(6) will be **GRANTED**.

I

On August 12, 2022, McIntosh filed a *pro se* civil rights complaint in the Circuit Court of Powell County, Kentucky. *See McIntosh v. Crabtree*, No. 22-CI-108 (Powell Cir. Ct. 2022). In his complaint, McIntosh states that on or about August 15, 2021, he was present as the defendant in a criminal trial at the Powell Circuit Courthouse. McIntosh alleges that during the trial, an

1

unidentified officer of the Kentucky State Police ("KSP") "without any provocation attacked and assaulted" him in the courtroom. McIntosh alleges that he suffered lacerations and bruises on his head, an abdominal hernia, and ongoing emotional harm. [*See* R. 1-1 at 33.]

McIntosh further alleges that six unidentified KSP officers continued to assault him as he was transported to the Powell County Jail. McIntosh alleges that upon his arrival, Deputy Jailer Ingrid Crabtree told the KSP officers to take him to a hospital for medical care, but that they refused. Nonetheless, McIntosh asserts that on the same day Crabtree herself refused to personally take him to a hospital or to provide medical care. At some point after the assault, unidentified medical staff at the Powell County Jail denied McIntosh medical treatment. *See id.* at 35. In an attached affidavit, McIntosh alleged that "on or about August 15, 2021, I begged Ingrid Crabtree for medical assistance while housed at the Powell County jail and Ingrid Crabtree refused me medical assistance." *Id.* at 29. He further alleged that staff at the Powell County Jail told him that both Crabtrees would "not allow [him] to file a grievance on the jail." *Id.*

In his complaint McIntosh claims that the KSP officers used excessive force and that all of the defendants were deliberately indifferent to his serious medical needs, all in violation of his rights under the Eighth and Fourteenth Amendments, as well as various provisions of state law. He sues each of the defendants in his or her individual and official capacity for damages. *See id.* at 35, 37, 39, 41. The Powell Circuit Court granted McIntosh *pauper* status on September 19, 2022, but McIntosh did not enquire about the issuance of summons until November 18, 2022. *See id.* at 11, 13. Summons against the defendants were issued by the Powell Circuit Court on December 5, 2022, and were served days later upon the defendants that McIntosh had actually identified. *See id.* at 3, 5, 7, 9.

To provide additional background, on August 16, 2021, upon the close of evidence against him in his criminal trial in Powell County, McIntosh allegedly threw a water bottle in the direction of the twelve jurors and yelled at them. The arresting officers further alleged that McIntosh resisted arrest before he was transported to the Powell County Jail. McIntosh was charged the same day with twelve counts of Intimidating a Participant in Legal Process in violation of Ky. Rev. Stat. § 524.040 and Resisting Arrest in violation of Ky. Rev. Stat. § 520.090. *See Commonwealth v. McIntosh*, No. 21-F-00125 (Boone Dist. Ct. 2021).[1] The case was transferred to the Boone Circuit Court in November 2021, where the charges remain pending and a status hearing is scheduled for September 15, 2023. *See Commonwealth v. McIntosh*, No. 21-CR-00218 (Boone Cir. Ct. 2021).[2]

## II

McIntosh's state court civil action was removed to this Court on December 29, 2022. [*See* R. 1.] In their motion to dismiss, Deputy Jailer Ingrid Crabtree and Jailer Travis Crabtree argue that McIntosh: (1) waited too long to file suit; (2) makes no allegations at all against Travis Crabtree in his complaint; (3) does not allege that either acted pursuant to a county policy as required to state a claim against them in their official capacities; and (4) fails to state a claim for

---

[1] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=099&court=1&division=DI&caseNumber=21-F-00125&caseTypeCode=FE&client_id=0 (accessed September 4, 2023). A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites."). The Court may consider such information when determining whether a claim must be dismissed for failure to state a claim under Rule 12(b)(6) without converting the motion into one for summary judgment under Rule 56. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999).

[2] *See* https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=099&court=1&division=CI&caseNumber=21-CR-00218&caseTypeCode=CR&client_id=0 (accessed September 4, 2023).

violation of Section Two of the Kentucky Constitution. [R. 4-1.] SHP moves to join in the request for dismissal upon statute of limitations grounds. [R. 9 at 2.]

In his response, McIntosh argues that the Powell County Jail medical staff did not timely join in the removal of this action from the Boone Circuit Court, and that only the Crabtrees filed a notice of removal. [R. 15 at 1.] McIntosh does not provide any substantive opposition to SHP's request for dismissal. McIntosh responds to the Crabtrees' dispositive motion only by reiterating his factual allegations. *Id.* at 2-3. The Crabtrees' reply notes McIntosh's failure to meaningfully address any of their contentions. [R. 16.] For its part, SHP filed no reply in support of its motion and made no effort to defend the timeliness of its consent to removal.

The Court begins with McIntosh's claims against the Crabtrees. Jailer Travis Crabtree correctly notes that McIntosh made no allegations at all against him in the complaint. [R. 4-1 at 4.] While Crabtree offers new allegations in his response, [*see* R. 15], he did not tender or file an amended complaint. The facts considered when evaluating a motion to dismiss are limited to those properly alleged in the plaintiff's operative pleading. *See Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Constr. Co.*, 618 F. App'x 246, 255 (6th Cir. 2015). McIntosh's failure to set forth any allegations against Travis Crabtree in his complaint requires dismissal of the claims against him. *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that a complaint is subject to dismissal if "it fails to give the defendant fair notice of what the claim is and the grounds upon which it rests.") (cleaned up).

The Crabtrees are likewise correct that the individual capacity claims against them are time barred. McIntosh's claims accrued immediately on August 16, 2021, when he was allegedly assaulted by KSP officers and was denied medical care despite his express request for care the same day. *See Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th

4

Cir. 2015) (holding that claims ordinarily accrue when the plaintiff "[knew or had] reason to know of the injury which is the basis of his action."); *Michel v. City of Akron*, 278 F. App'x 477, 479-80 (6th Cir. 2008) (holding that a Fourth Amendment claim under § 1983 begins to run at the time of the search or seizure).  Tolling of the limitations period would have applied during the period when McIntosh exhausted his administrative remedies with respect to his claims regarding the denial of medical care, which occurred at the Powell County Jail.  *See* 42 U.S.C. § 1997e(a); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).  But McIntosh alleges that he was denied the opportunity to file any inmate grievances.  [*See* R. 1-1 at 29.]  With no administrative remedies to exhaust, there is no time period to toll.

The limitations period for constitutional torts committed in Kentucky and asserted under 42 U.S.C. § 1983 is one year.  *See* Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009).  McIntosh therefore needed to initiate suit by August 16, 2022, and he filed his complaint ten days before that date.  But in Kentucky courts "the statute of limitations runs until a summons is actually issued." *Steadman v. Gentry*, 314 S.W.3d 760, 762 (Ky. App. 2010).  *See* Ky. Rev. Stat. § 413.250 (providing that an action is commenced "on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action.").  That did not occur in this case until December 5, 2022, long after the statute of limitations had expired.  The individual capacity claims against both of the Crabtrees will therefore be dismissed as time barred.  *See Delong v. Delong*, 335 S.W.2d 895, 895-96 (Ky. 1960).

As for the official capacity claims against the Crabtrees, such claims seek to hold the city or county that employs him or her liable where a formal policy or informal custom created by that municipality caused the deprivation of a federal right.  *Cady v. Arenac Co.*, 574 F. 3d 334,

5

342 (6th Cir. 2009). These defendants correctly note that McIntosh made no such allegations nor specifically identified such a policy or custom in his complaint. McIntosh's complaint therefore fails to state a claim against Powell County. *See Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *Bright v. Gallia Cnty.*, 753 F. 3d 639, 660 (6th Cir. 2014). Further, the claims against Powell County are time barred for the same reasons identified above with respect to the individual capacity claims against the Crabtrees. The Court will therefore dismiss the official capacity claims against Ingrid Crabtree and Travis Crabtree with prejudice.

The next group of defendants are the still-unidentified (and hence unserved) medical staff at the Powell County Jail who allegedly failed or refused to provide McIntosh with medical care. SHP moves to dismiss the claims against them on the ground that McIntosh's claims are time barred. [R. 9 at 2.] McIntosh does not argue the point, contending instead that these defendants did not timely file their own removal of the claims against them. [R. 15 at 1.]

McIntosh's procedural argument fails on several fronts. First, as the Court has previously noted, the initial removal of this action on December 29, 2022, fully conformed with the rule of unanimity. [*See* R. 11 at 1-2 (*citing Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 279 (E.D.N.Y. 2014)).] That removal effected a transfer of the entire case from the Powell Circuit Court to this Court. Removal does not operate on a per-party basis. *See* 28 U.S.C. § 1441.

Second, McIntosh's objection to the removal of this action should have been made by motion rather than merely in response to a motion to dismiss. This is particularly so because McIntosh's objection comes far too late: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The notice of removal in this

case was filed on December 29, 2022; therefore, any objection to that removal on procedural grounds was due by January 28, 2023. McIntosh did not assert his objection until he filed his response on March 9, 2023,[3] six weeks too late.

Finally, SHP's consent to removal was timely filed.[4] SHP states that it was served with process on January 15, 2023. [R. 9 at 1.] SHP filed its motion to join—in which it stated that "removal of this action was proper"—on February 15, 2023. *See id.* That is 31 days after SHP was served with process. 28 U.S.C. § 1446(b)(1) requires *a notice of removal* to be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." In comparison, 28 U.S.C. § 1446(b)(2)(A) requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action." The latter statute does not expressly provide any deadline for a defendant to file its notice of consent to removal. There is a mature split of authority between various courts with respect to whether there is any statutory deadline to file a notice of consent (as opposed to a notice of removal); whether an equitable or prudential deadline exists; and if so, what it is. *See Ray v. Dzogchen Shri Singha Found. USA, Inc.*, No. 3:23-CV-233-SI, 2023 WL 3451987, at *2-4 (D. Or. May 15, 2023); *Couzens v. Donohue*, 854 F.3d 508, 513-15 (8th Cir. 2017). But courts within this circuit have held that, because Congress set forth no deadline in the statutory text itself, courts have no basis to infer one. *Cf. Gaynor v. Miller*, 205 F. Supp. 3d 935, 939-41 (E.D. Tenn. 2016). The Court concurs with this reasoning, and SHP's consent was timely filed.

---

[3] McIntosh is incarcerated, so the Court applies the prison mailbox rule to determine the effective filing date of his submissions. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

[4] Given McIntosh's failure to identify any healthcare provider by name, he cannot have properly served any of them with process. And without proper service on a defendant, the 30-day period to remove does not even begin to run. *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 304 (5th Cir. 2014).

For each of the reasons stated, the Court rejects McIntosh's dilatory objection to removal. And even without McIntosh's acquiescence in SHP's timeliness argument, it is plain that the claims against the Powell County Jail's healthcare providers are time barred for the same reasons stated regarding his claims against the Crabtrees. The Section 1983 claims against these defendants will therefore be dismissed with prejudice.

The last group of defendants are several unidentified KSP officers. The record does not indicate that any of these defendants were ever served with process, doubtless because McIntosh never identified any of them by name. The claims against these defendants will therefore be dismissed without prejudice for failure to prosecute and for failure to timely effect service of process. *See* Fed. R. Civ. P. 4(m).

The Court notes alternatively that various species of dismissal would be appropriate in any event. The Court lacks subject matter jurisdiction over the official capacity claims against the KSP officers because the Eleventh Amendment precludes the exercise of federal jurisdiction over a claim for money damages against the state or state agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993). KSP constitutes an "arm of the state" for Eleventh Amendment purposes, requiring dismissal of the claims against it. *Cf. Jones v. Ky. State Police*, No. 1:19CV-P26-GNS, 2019 WL 2565635, at *2 (W.D. Ky. June 19, 2019) (collecting cases). The individual capacity claims against the officers arising from the refusal to provide medical care would have to be dismissed with prejudice as time barred for the reasons previously explained for the other defendants. And the excessive force claims would have been dismissed without prejudice or stayed. The same in-courtroom scuffle that forms the basis for McIntosh's excessive force claims also provides the foundation for the still-pending

criminal charges against him for resisting arrest, warranting either abstention or dismissal. *See Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Wallace v. Kato*, 549 U.S. 384, 392-98 (2007).

Finally, the moving defendants urge dismissal of McIntosh's claims arising under state law on various grounds. However, a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims early in the proceedings, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *See Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021), *cert. denied*, 143 S. Ct. 88 (2022); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims.").

### III

Accordingly, and the Court being otherwise sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff Harlan McIntosh's motion for an extension of time to file a response **[R. 6]** is **GRANTED**.

2. The motion to dismiss filed by defendants Travis Crabtree and Ingrid Crabtree **[R. 4]** is **GRANTED**.

3. The motion of Defendant, Southern Health Partners, Inc. (on behalf of the unidentified "20 Powell County Jail Medical Staff") to join in the motion to dismiss filed by defendants Travis Crabtree and Ingrid Crabtree **[R. 9]** is **GRANTED**.

    4.       The federal claims asserted under Section 1983 against defendants Travis Crabtree, Ingrid Crabtree, and the unidentified "20 Powell County Jail Medical Staff," in both their individual and official capacities, are **DISMISSED** with prejudice.

    5.       The federal claims asserted under Section 1983 against unidentified officers of the Kentucky State Police are **DISMISSED** without prejudice.

    6.       The claims arising under state law against all defendants are **DISMISSED** without prejudice.

    7.       This matter is **STRICKEN** from the docket.

This the 15th day of September 2023.

*[Signature]*

Gregory F. Van Tatenhove
United States District Judge